# DANDAR & DANDAR
A PROFESSIONAL ASSOCIATION
A T T O R N E Y S

May 8, 2015

Douglas J. Mincher, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

RE:   Appeal No. 14-13574-E
      Kennan G. Dandar. et al. v. Church of Scientology Flag
      Service Organization, Inc.

Dear Mr. Mincher:

Please accept this letter as a Citation of Supplement Authorities pursuant to Fed. R. App P. 28(j), which pertain to the issue raised in Section I, subsection 2 of the Initial Brief: the state court is acting in complete absence of jurisdiction.  These supplemental authorities also pertain to Section III of Appellants' Initial and Reply Briefs: constitutional rights are being violated.

In *Trans Health Management Inc. v. Nunziata*, 159 So.3d 850 (Fla. 2d DCA 2014), the court held that the failure to file a pleading fails to invoke the jurisdiction of the court; a court has no jurisdiction or authority to enjoin non-parties; and the failure to have process issued and effect service of process on the non-parties, violates the non-parties' due process rights.

This supplemental authority also includes the cases cited in *Trans Health*, which provide that the state court was without jurisdiction to issue an injunction that interfered with the rights of those who were not parties to the action.  See, e.g., *In re Guardianship of Shell*, 978 So.2d 885, 891 (Fla. 2d DCA 2008); *Blue Dolphin Fiberglass Pools of Fla., Inc. v. Swim Indus. Corp.*, 597 So.2d 808, 809 (Fla. 2d DCA 1992); *Chastain v. Uiterwyk*, 462 So.2d 1212, 1213 (Fla. 2d DCA 1985); *Trisotto v. Trisotto*, 966 So.2d 986, 988 (Fla. 5th DCA 2007); *Leighton v. First Universal Lending, LLC*, 925 So.2d 462, 464 (Fla. 4th DCA 2006); *Sheoah Highlands, Inc. v. Daugherty*, 837 So.2d 579, 583 (Fla. 5th DCA 2003).  All persons materially interested, either legally or beneficially, in the subject-matter of a suit, must be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties." *Oakland Props. Corp. v. Hogan*, 96 Fla. 40, 117 So. 846, 848 (1928).  A permanent injunction cannot be properly granted without process duly issued and served, and without formality of pleading.  *Scarbrough v. Meeks*, 582 So.2d 95, 96 (Fla. 1st DCA 1991) (citing *Smith v. Housing Auth. of City of Daytona Beach*, 148 Fla. 195, 3 So.2d 880, 881 (1941)).

Sincerely,

/s/ Kennan Dandar, Esq.